IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIWON S. SIMS, | ) |
| Plaintiff, | ) Case No.: 22-cv-5691 |
| v. | ) Amended Complaint for Violation of Civil Rights and Supplemental State Claim |
| The City of Chicago, Officer Brandon Neita-Scott, Star No. 18908, and Officer Victor Alcazar, Star No. 11046 | ) **JURY DEMANDED** |
| Defendants. | ) |

## AMENDED COMPLAINT AT LAW

Plaintiff, Tiwon S. Sims, by and through his attorneys, Ed Fox & Associates, Ltd., files the following Amended Complaint:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff, Tiwon S. Sims ("Plaintiff") was and is a citizen of the United States and was within this Court's jurisdiction.

4. At all times mentioned herein, Defendants, Chicago Police Officer Brandon Neita-Scott, Star No. 18908 ("Neita-Scott"), and Officer Victor Alcazar, Star No. 11046 ("Alcazar"), (collectively "Defendant Officers") were employed by the City of Chicago Police Department and

acted under the color of state law and as the employees, agents, and/or representatives of the City of Chicago Police Department. Plaintiff is suing Defendant Officers, each of them, in their individual capacities.

5. At all times mentioned herein, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

6. On or about July 22, 2020, at all times material, Plaintiff was legally operating his motor vehicle in Chicago, Illinois.

7. Defendant Officers conducted a traffic stop on Plaintiff's vehicle.

8. Defendant Officers detained Plaintiff during the traffic stop.

9. There was no legal cause to conduct a traffic stop or to detain Plaintiff.

10. Defendant Officers arrested Plaintiff and had him transported to the police station.

11. There was no legal cause to arrest or transport Plaintiff to the police station.

12. Plaintiff was charged for failing to continuously signal during no less than the last 100 feet traveled before turning, operating an amusement ride attraction without insurance, operating a motor vehicle without a driver's license, and resisting or obstructing a peace officer.

13. At all times material, Plaintiff did not commit any of the violations Defendant Officers charged him with.

14. There was no legal cause to charge and/or prosecute Plaintiff for any violation of the law.

15. Plaintiff was given bond with conditions significant enough to constitute a seizure.

16. There was no legal cause to have Plaintiff seized.

17. On or about September 1, 2022, the charges against Plaintiff were dismissed, indicative of his innocence.

18. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, each of them, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

19. The actions and/or omissions by Defendant Officers, each of them, as mentioned above, were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the actions and/or omissions mentioned above by Defendant Officers, each of them, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT OFFICERS FOR MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT

21. Plaintiff incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

22. Defendant Officers deprived Plaintiff of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

23. Defendant Officers violated Plaintiff's Constitutional rights by maliciously commencing and/or continuing an original proceeding against Plaintiff without probable cause.

24. As a result, Plaintiff was given bond with conditions significant enough to constitute a seizure.

25. On or about September 1, 2022, the proceedings were terminated in Plaintiff's favor, indicative of Plaintiff's innocence.

26. Defendant Officers, each of them, initiated, facilitated, and/or continued this malicious prosecution by creating false evidence, giving false police reports, and/or preparing and signing false administrative violations against Plaintiff.

27. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

28. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers, each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### PLAINTIFF AGAINST DEFENDANTS FOR THE STATE LAW CLAIM OF MALICIOUS PROSECUTION

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) as though fully set forth at this place.

30. Defendant Officers acted with malice in doing all the acts alleged herein.

31. Plaintiff was wrongfully charged with violations of state law.

32. There was no probable cause to prosecute Plaintiff.

33. On or about September 1, 2022, the charges were terminated in Plaintiff's favor, indicative of his innocence.

34. Plaintiff was damaged emotionally and otherwise by the unlawful acts of each Defendant Officer.

35. The City of Chicago is liable pursuant to *respondeat superior*.

36. Therefore, Defendants are liable for the supplemental state law claim of malicious prosecution.

**WHEREFORE**, Plaintiff, Tiwon S. Sims, by and through his attorneys, Ed Fox & Associates, Ltd., requests judgment as follows:

1. Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Plaintiff's special damages;

3. Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. Defendants, except the City of Chicago, to pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Peter T. Sadelski
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s/Peter T. Sadelski
Peter T. Sadelski

Edward M. Fox
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com